**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**RENATO GARCIA-MEDINA,**<br><br>**Defendant.** | ) | **Case No. 09-40041-JAR-05** |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Renato Garcia-Medina's Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 3353(a)(6) (Doc. 436). Defendant asks the Court to reduce his sentence in light of the United States Department of Justice's new department policy on fast-track sentencing programs, which makes available in all districts fast-track sentencing for felony illegal reentry cases.[1] As further explained below, the Court construes Defendant's request as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), and the Court denies Defendant's motion.

## I. Procedural Background

On March 15, 2009, Defendant was charged in 10 counts of a 49-count multi-defendant Indictment. On December 28, 2009, Defendant pleaded guilty to Count 1 of the Indictment, which charged Defendant with a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In his Plea Agreement, Defendant waived his right to

---

[1]Memorandum from James M. Cole, Deputy Attorney Gen., United States Dep't of Justice, to All United States Attorneys (Jan. 31, 2012), http://www.justice.gov/dag/fast-track-program.pdf.

appeal or collaterally attack his sentence. At the July 25, 2011 sentencing hearing, the Court sentenced Defendant to a term of imprisonment of 156 months, which was below the advisory guideline range for the offense.

Defendant appealed his sentence, and the Government moved to enforce the appeal waiver and dismiss the appeal. On October 12, 2011, the Tenth Circuit enforced the appeal waiver and dismissed Defendant's appeal. Defendant filed the instant motion requesting that the Court reduce his sentence given the new Department of Justice policy concerning fast-track sentencing.

## II. Analysis

A court may modify a term of imprisonment after it is imposed only under limited circumstances.[2] A defendant may move for a reduction within 14 days of sentencing to correct an error in the sentence under Federal Rule of Criminal Procedure 35(a); in a direct appeal under 18 U.S.C. § 3742; or under 18 U.S.C. § 3582(c)(2) if the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because Defendant moves to reduce his sentence based on change in policy that came into effect only after his sentencing, the Court construes his motion as one brought under 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the

---

[2] *See* 18 U.S.C. § 3582(c).

> extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant's motion fails under this statute for two reasons. First, in his Plea Agreement, Defendant waived the right to appeal his sentence and the "right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, . . . a motion brought under Title 18, U.S.C. § 3582(c)(2)."[3] Second, even if Defendant had not waived his right to modify his sentence, his motion still fails because Defendant has not shown any relevant change to the sentencing guidelines that would give the Court cause to reduce his sentence.

**A. Waiver of Right to Appeal or Collaterally Attack Sentence**

The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[4] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence is generally enforceable.[5] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[6]

---

[3]Plea Agreement, Doc. 110 at 16–17.

[4]*United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[5]*United States v. Cockerham*, 237 F.3d 1179, 1181–83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[6]*Hahn*, 359 F.3d at 1325.

**1. Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[7] The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[8] As described above, Defendant's Plea Agreement contained a provision waiving his right to appeal and collaterally attack his sentence under § 3582(c)(2). The law ordinarily considers such a waiver sufficient "'if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it.'"[9] In this case, it is clear from the language of the Plea Agreement itself as well as the Rule 11 colloquy at the plea hearing that Defendant understood he was waiving his right to appeal or collaterally attack his sentence as a condition of the plea agreement. Therefore, the Court finds that the scope of this waiver unambiguously precludes Defendant from collaterally attacking by way of a § 3582(c)(2) motion any matter in connection with his prosecution, conviction, and sentence.

**2. Knowing and Voluntary Waiver**

Defendant's waiver is enforceable when the waiver is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[10] When determining whether a waiver of appellate rights was knowing and voluntary, the Court must

---

[7]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[8]*Hahn*, 359 F.3d at 1328.

[9]*Id.* (quoting *United States v. Ruiz*, 536 U.S. 622, 629–30 (10th Cir. 2002)) (emphasis in original).

[10]*Cockerham*, 237 F.3d at 1187

examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[11] Here, both requirements are met because the waiver is explicitly stated in the written plea agreement, and Defendant's statements at the plea hearing show that the waiver was made both knowingly and voluntarily. At the plea hearing, for example, the Court explained to Defendant that his plea agreement contained the waiver, and the Defendant agreed with that statement:

> THE COURT: Do you understand that among the terms of your plea agreement you are agreeing to waive, or give up, your right to appeal issues concerning the prosecution, conviction, or sentence in this case, with certain exceptions that are outlines in your plea agreement? But other than those exceptions, you understand you won't be able to appeal issues?
>
> THE DEFENDANT: I understand.[12]

Defendant also stated on the record that his decision to plead guilty was made voluntarily and of his own free will. Further, he stated that he did not receive any promises or assurances that would have induced him to enter into the Plea Agreement, other than what was contained in the agreement itself. Therefore, the language of his Plea Agreement and the statements made by Defendant during the plea colloquy establish that Defendant's waiver was given knowingly and voluntarily.

**3. Miscarriage of Justice**

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[13] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction

[11] *Hahn*, 359 F.3d at 1325.

[12] Tr. Change of Plea Hr'g, Doc. 426 at 8.

[13] *Hahn*, 359 F.3d at 1327.

with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[14] The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a miscarriage of justice.[15] Here, Defendant's sentence does not exceed the statutory maximum, there is no evidence of an error seriously affecting the judicial proceedings, there is no evidence that the district court relied on any impermissible factor, nor has Defendant claimed that he received ineffective assistance in conjunction with the waiver. Therefore, enforcing the waiver will not result in a miscarriage of justice. Thus, because the § 3582(c)(2) motion falls within the scope of the waiver, Defendant knowingly and voluntarily waived his rights, and enforcing the waiver would not result in a miscarriage of justice, the Court finds Defendant has waived his right to collaterally attack his sentence under § 3582(c)(2). As such, the Court denies Defendant's motion.

### B. Merits of § 3582 Motion

Even if Defendant had not waived his right to collaterally attack his sentence under § 3582(c)(2), his motion still fails because it does not meet the requirements of § 3582(c)(2). In his motion, Defendant argues:

> effective March 1, 20212, the United States Department of Justice makes fast track available in all district and will consider what to do with the fast track as they apply to offenses other than first-time, illegal re-entry. Therefore, in light of the new

---

[14]*Id.*

[15]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

> policy, the Court should take into account whether he is eligible for fast track program based on his criminal record . . . .[16]

The new policy cited by Defendant, however, has no relevance to the sentencing guidelines used to determine his sentence. The policy concerns sentencing for felony illegal reentry cases. Defendant was not convicted of illegal reentry; Defendant was convicted of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. And so, the new policy is irrelevant to Defendant's sentence.

Furthermore, the new policy is not an adjustment by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), as required for a reduction under § 3582(c)(2). It is instead a new department policy for the United States Department of Justice, which "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal."[17] Thus, Defendant does not meet the requirements of § 3582(c)(2) for a reduction of his sentence, and the Court would therefore deny his motion even if he had not waived the right to collaterally attack his sentence under § 3582(c)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 3353(a)(6) (Doc. 436) is DENIED.

**IT IS SO ORDERED**.

Dated: May 14, 2012

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[16]Doc. 436 at 1.

[17]Cole, *supra* note 1, at 1.